# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENDA BOLIN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-06-080-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER DENYING
## ATTORNEYS' FEES UNDER THE EAJA

The Plaintiff was the prevailing party in this social security appeal and applied for attorneys' fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. The Commissioner objected to the application as untimely. The Court finds that the Plaintiff's application is untimely and that her Application for Attorney's Fees Under the Equal Access to Justice Act [Docket No. 26] should therefore be denied.

The Court entered judgment in favor of the Plaintiff on March 30, 2007. *See* Docket No. 25. She had thirty days after this judgment became final to apply for attorneys' fees. *See* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses[.]"). The judgment became final upon expiration of the time for filing a notice of appeal, *see* 28 U.S.C. § 2412(d)(2)(G) ("[A] 'final judgment' means a judgment that is final and not appealable[.]"), which occurred sixty days after the entry of judgment. *See* Fed. R. App. Proc. 4(a)(1)(B) ("When the United States or its officer or agency is a party,

the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."). The Plaintiff thus had ninety days from the entry of judgment herein, or until June 28, 2007, to apply for attorneys' fees under the EAJA, *see Goatcher v. Chater*, 57 F.3d 980, 981 (10th Cir. 1995) ("The 30-day EAJA clock begins to run after the time to appeal that [effective] final judgment has expired."), *quoting Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) [quotation marks omitted], but she did not do so until July 18, 2007. *See Bryan v. Office of Personnel Management*, 165 F.3d 1315, 1321 (10th Cir. 1999).

The Plaintiff does not argue that her application *was* timely. Neither does she argue she is entitled to attorneys' fees notwithstanding her untimely request. In any event, the Court is clearly without jurisdiction to award attorneys' fees under the EAJA absent a timely fee application. *Id*. at 1320-21 ("A party seeking an award of fees and expenses under the Equal Access to Justice Act *must* submit an application to the court 'within thirty days of final judgment in the action.' 28 U.S.C. § 2412(d)(1)(B) . . . . The thirty-day time limitation is *jurisdictional* in nature."), *citing Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990) [emphasis added]. Consequently, the Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act [Docket No. 26] is hereby DENIED.

**IT IS SO ORDERED** this 12th day of October, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**